# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CATHLEEN TOKARZ,<br>          *Plaintiff*,<br><br>    v.<br><br>FLUVANNA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br>          *Defendant.* | No. 3:15–cv–00047<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Plaintiff Cathleen Tokarz, proceeding *pro se*, alleges that Defendant Fluvanna County Department of Social Services ("Fluvanna County" or "the County") violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, by removing Tokarz's daughter from her custody because Plaintiff sought treatment for her mental illness. Pursuant to 28 U.S.C. § 1915(a)(1), this Court granted Tokarz's Motion for Leave to Proceed in Forma Pauperis (docket no. 1), and the Clerk of the Court filed her complaint (docket no. 2). After review of Tokarz's complaint, this Court will summarily dismiss Plaintiff's complaint without prejudice, because Tokarz has failed to state a claim upon which relief can be granted.

## I. BACKGROUND

  Plaintiff's *pro se* complaint alleges that Fluvanna County Social Services removed Plaintiff's daughter from her custody without a court order and transferred her daughter to the custody of the daughter's father who was living in New York. *See* docket no. 2, at 3. Plaintiff claims that Fluvanna County removed her daughter from her custody because Plaintiff "[sought] help for [her] mental illness." *Id.* Plaintiff further complains that Fluvanna County has issued a

1

"PPO"—presumably a personal protection order—against Plaintiff with regards to her other daughter "[due] to [a] question of [Plaintiff's] mental health." *Id.* Plaintiff asserts that Fluvanna County's conduct is in violation of Title II of the Americans with Disabilities Act.

As relief, Plaintiff requests "the Court to ban Fluvanna [from] bringing more punitive actions against" Plaintiff; "fines that the Court deems appropriate;" and that "any further cases [against Plaintiff] be handled by Charlottesville CPS and [Charlottesville] courts." *Id.* at 4.

## II. STANDARD OF REVIEW

Although district courts must construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Cox v. Marchant*, C/A No. 2:11-2811, 2011 WL 5869684, at *2 (D.S.C. Oct. 31, 2011) ("It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be 'mind readers' or 'advocate[s]' for *pro se* litigants.") (quoting, respectively, *Beaudett*, 775 F.2d at 1278 and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Likewise, 28 U.S.C. § 1915 requires districts courts to screen in forma pauperis ("IFP") filings and to dismiss IFP complaints "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to 'exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)). The "fails to state a claim" standard articulated in § 1915 is "the familiar standard for a motion to dismiss under

2

Federal Rule of Procedure 12(b)(6), [which] accept[s] the plaintiff's factual allegations as true." *Hancock v. Combs*, No. 7:10-cv-00045, 2010 WL 2164622, at *1 (W.D. Va. May 25, 2010). Even accepting those allegations as true, however, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The plaintiff must recite "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "Factual allegations," in sum, "must be enough to raise a right to relief above the speculative level." *Id.*

### III. DISCUSSION

Liberally construing Plaintiff's complaint, I find that it fails to state a cognizable claim.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II delegates authority to the Attorney General to promulgate implementing regulations. 42 U.S.C. § 12134; *see also Brown v. North Carolina Div. of Motor Vehicles*, 166 F.3d 698, 702 (4th Cir. 1999). The regulations promulgated by the Attorney General further provide that a public entity may not: (1) discriminate on the basis of disability "in providing any aid, benefit, or service"; (2) "deny a qualified individual with a disability the opportunity to participate in services . . . that are not separate or different, despite the existence of permissibly separate or different programs or activities;" (3) "utilize criteria or methods of administration . . . [t]hat have the effect of subjecting" such individuals to discrimination on the basis of disability; (4) choose a site or location of facility that excludes or discriminates against

individuals with a disability from participating in public services; (5) use criteria that discriminates on the basis of disability in choosing contractors; (6) administer a licensing or certification program in a manner that discriminates on the basis of disability; (7) fail to make reasonable modifications to practices and policies in order to avoid discrimination on the basis of disability; or (8) use criteria that prevents individuals with disabilities from fully participating in federal programs. 28 C.F.R. § 35.130.

Even liberally construing Plaintiff's complaint, I find that Tokarz has failed to allege a violation of Title II of the Americans with Disabilities Act. Plaintiff has not alleged any facts suggesting that she was denied access to any governmental aid, benefit, or service on the basis of her disability. Neither has she alleged any facts that would allow this Court to conclude that Fluvanna County has employed criteria that has the purpose or effect of excluding individuals with disabilities from the benefits of the services, programs, or activities of a public entity. While Plaintiff has alleged that Fluvanna County took custody of her daughter because Plaintiff "[sought] help for [her] mental illness," docket no. 2, at 3, Plaintiff has not alleged that the County denied her access to any benefits or services on the basis of her mental illness or, indeed, that the County unlawfully discriminated against Plaintiff at all.

In short, Plaintiff has failed to allege any facts that "raise a right to relief [under Title II of the ADA] above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, even liberally construing her complaint, Plaintiff has at most provided the Court with "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Plaintiff's complaint, liberally construed, therefore fails to state a claim on which relief may be granted, and must be dismissed.

4

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and, pursuant to 28 U.S.C. § 1915(e)(2)(b), the Court will dismiss the complaint (docket no. 2), without prejudice. An accompanying Order will be issued.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

Entered this __1st__ day of September, 2015.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE